UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHG TECHNOLOGIES, LLC, | ) |
|       Plaintiff, | ) |
| v. | ) No. 03:05-0630 |
| | ) JUDGE ECHOLS |
| THE ST. JOHN COMPANIES, INC., | ) |
|       Defendant. | ) |

## ORDER

For the reasons explained in the Memorandum entered contemporaneously herewith,

(1) Defendant The St. John Companies, Inc.'s Motion For Summary Judgment Of Invalidity Under 35 U.S.C. § 102(b) (Docket Entry No. 209) is hereby DENIED. St. John has not carried its burden to show by clear and convincing evidence that there is a genuine issue of material fact for trial on its assertion that PHG's design patents are invalid due to an on-sale bar.

(2) PHG Technologies, LLC's Motion For Partial Summary Judgment (Docket Entry No. 133) is hereby GRANTED IN PART and DENIED IN PART.

    (a) PHG's Motion is hereby GRANTED on two patent validity issues:

(i) St. John failed to carry its burden to show by clear and convincing evidence that there is a genuine issue of material fact for trial on whether PHG's patented designs are primarily functional, not ornamental; and (ii) St. John did not carry its burden to show by clear and convincing evidence that there is a genuine issue of material fact for trial on its claim that PHG's design patents are invalid due to an on-sale bar.

1

(b) PHG's Motion is hereby GRANTED with regard to St. John's affirmative defense of implied license.

(c) PHG's Motion is hereby GRANTED because St. John has not generated a genuine issue of material fact for trial on whether its accused design does not infringe PHG's patented designs. However, because St. John has raised other affirmative defenses to infringement, including estoppel, unclean hands, and patent misuse, which have not been addressed by the parties and remain outstanding, PHG has not shown its entitlement to final entry of summary judgment on its own Counts I and II or on St. John's Counterclaim Counts I and II.

(d) PHG's Motion is hereby DENIED with regard to the trademark claims because PHG has not produced evidence from which the Court can determine whether PHG has shown its entitlement to summary judgment on Counts VII, VIII, IX and X or on St. John's Counterclaim Counts VII, VIII, IX and X.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE